UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILBUR O. DUNN, JR.,

    Plaintiff,

                                                                             Civil Action 2:17-CV-196
                                                                             Judge Algenon L. Marbley
    v.                                                                      Magistrate Judge Chelsey M. Vascura

COMMISSONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Wilbur O. Dunn, Jr., brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Social Security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 16), the Commissioner's Memorandum in Opposition (ECF No. 18), Plaintiff's Reply (ECF No. 21), and the administrative record (ECF No. 10). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's non-disability finding.

                                              **I.    PROCEDURAL BACKGROUND**

Plaintiff filed his application for Title II Social Security Disability Benefits on March 6, 2013, alleging that he became disabled on February 15, 2009. His application was denied on August 16, 2013, and upon reconsideration on December 4, 2013.

Administrative Law Judge Andrew Gollin (the "ALJ") held a hearing on December 7, 2015, at which Plaintiff, represented by counsel, appeared and testified via video. Vocational Expert William T. Cody (the "VE") also appeared and testified. On December 23, 2015, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On January 6, 2017, the Appeals Council denied Plaintiff's request for review without substantive comment and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action on March 8, 2017.

In his Statement of Errors (ECF No. 16), Plaintiff raises a single contention of error, that the ALJ erred in finding that he could perform other work that exists in significant numbers in the national economy. More specifically, Plaintiff contends that based upon the RFC the ALJ found, he could not perform the representative jobs that the VE identified because of the limitations on his ability to bend/stoop.

The undersigned's discussion of the record evidence focuses on evidence relevant to consideration of this contention of error.

## II. RELEVANT RECORD EVIDENCE

**A. The VE's Testimony**

The ALJ asked the VE to consider a hypothetical individual with Plaintiff's vocational profile and the RFC the ALJ ultimately assessed. The VE testified that such an individual could not perform Plaintiff's past work. (ECF No. 10 at PAGEID## 98-99.) The VE stated that such an individual could, however, perform other jobs that exist in significant numbers in the national or regional economy, including the following representative positions: assembler, with 300 jobs locally and 80,000 jobs nationally; packer, with 200 jobs locally and 70,000 nationally; and inspector, with 50 jobs locally and 40,000 jobs nationally. (*Id*. at PAGEID## 99-100.) The VE

further testified that all of these representative positions were classified at the sedentary level of exertion with a Specific Vocational Preparation ("SVP") level of two. He added that these positions did not require any greater reading than level one. When asked whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT") and the companion publication, the Selected Characteristics of Occupations ("SCO"), the VE responded as follows: "Yes, sir. The things that aren't addressed in the DOT such as pace of work, changes at work, my opinion[s] in those regards come from my professional experience. But . . . none of my testimony is inconsistent with the DOT." (*Id*. at PAGEID# 100.) Upon further questioning, the VE testified that if the hypothetical individual was further limited to sedentary work and not be off task more than eight percent of the work period, that individual could still perform the representative jobs previously identified.

Upon cross-examination, the VE testified that the individual could be off task up to nineteen percent of the time before sustained employment is precluded. The VE also testified that an individual could continue to perform their duties while standing, although their performance tends to be somewhat slower. The VE pointed out that sedentary work contemplates the individual standing for two of the eight hours and sitting for roughly six hours. He added that while standing, the individual would be able to remain on task. When asked whether the individual's ability to perform their job would be impacted if their dominant hand was occupied by a cane, the VE acknowledged that it could, explaining that "[o]ne must be able to use their hands on a frequent basis throughout the workday to be able to perform these jobs." (*Id*. at PAGEID# 106.) In response to another question by Plaintiff's counsel, the VE testified that if an individual needed to stand for 5-10 minutes each hour and could only use one hand during that time, it would not erode the positions identified and that erosion would only occur if

the individual was off task more than twelve minutes per hour.  The VE agreed with Plaintiff's counsel that with the positions identified, the individual would need to bend over to continue working while standing and that inability to do so would result in them being off task.  The VE reiterated that being off task 20% of the day or greater would preclude competitive employment.

**B.     The Administrative Decision**

The ALJ issued his decision on December 23, 2015, finding that Plaintiff had not been under a disability within the meaning of the Social Security Act since February 15, 2009, the alleged onset date, through his date last insured.  (ECF No. 10 at PAGEID##53-67.)  At step two of the sequential evaluation process,[1] the ALJ concluded that Plaintiff had the following severe impairments:  lumbar degenerative disc disease with radiculitis and spondylosis; osteoarthritis of the bilateral knees; obesity; and depressive disorder; and borderline intellectual functioning.  (*Id.* at PAGEID# 55.)  The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20

---

[1]  Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  See 20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

    1.     Is the claimant engaged in substantial gainful activity?
    2.     Does the claimant suffer from one or more severe impairments?
    3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
    4.     Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
    5.     Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at PAGEID# 56-57.) At step four of the sequential process, the ALJ set forth Plaintiff's Residual Functional Capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except as follows: the claimant is limited to no more than occasional pushing or pulling using foot controls with either lower extremity. The claimant could stand/walk for no more than thirty minutes at a time and for no more than six hours in an eight-hour workday. The claimant is limited to sitting no more than thirty minutes at a time and for no more than six hours in an eight-hour workday. He is limited to no more than occasional walking on rough surfaces and uneven terrain. Further, the claimant could occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and/or crawl; however, he should never climb ladders, ropes, or scaffolds. The claimant is limited to work involving no exposure to unprotected heights or hazardous machinery/equipment. The claimant is limited to work involving no operation of motorized vehicles or commercial driving. Additionally, the claimant is limited to understanding, remembering, and carrying out simple, routine tasks in an environment that does not require a fast-paced production rate, strict production rates, or quotas. The claimant is limited to no more than occasional simple work-related decisions and no more than occasional changes in workplace setting and workplace duties. Finally, the claimant is limited to work the [sic] does not require reading or writing skills above a DOT level 1 language development rating or a fourth grade level.

(*Id*. at PAGEID# 59.)

Relying on the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but could perform other jobs in existing in significant numbers in the national economy. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id*. at PAGEID# 66-67).

### III.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C.

§ 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)) *cert. denied sub nom. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. TNS, Inc.*, 537 U.S. 1106 (2003). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV. ANALYSIS

As set forth above, Plaintiff maintains that the ALJ erred in concluding that he could perform the positions identified by the VE. According to Plaintiff, the jobs identified would require him to bend/stoop more than occasionally even though the RFC limits him to occasional stooping. In support of this assertion, Plaintiff points out that the VE testified that the jobs he identified would require Plaintiff to bend/stoop when standing. Plaintiff submits that the requirement in the RFC that he be limited to standing/walking or sitting for no more than thirty minutes at a time, together with limitations that he not stand/walk for more than six hours total and that he not sit for more than six hours total, means that he "would need to stand as much as

four hours per day." (Pl.'s Reply 21, ECF No. 21.) Plaintiff asserts that he cannot, however, stay on task while standing all of these four hours because to continue working while standing, he must bend/stoop, and the RFC says he can only bend/stoop occasionally, which means one-third or less of an eight-hour day under the regulations. Applying all of the foregoing premises, Plaintiff concludes that because the portion of time he will be off task exceeds 19% of the workday, he cannot perform the jobs the VE identified per the VE's own testimony that an individual who is off task twenty percent or more could not sustain competitive employment.

The undersigned finds Plaintiff's sole contention of error to be without merit because it rests on a faulty premise. As an initial matter, the undersigned notes that everyone agrees that "occasionally" as utilized here means up to one-third of the time. *See* SSR 83–10, 1983 WL 31251, at *5 ("'Occasionally' means occurring from very little up to one-third of the time."). Everyone also agrees that that "Stooping" is defined as "bending the body downward and forward by bending the spine at the waist." *See* SSR 83-14, 1983 WL 31254, at *2. Thus, because the VE testified that to stay on task while standing would require bending, and because the hypothetical individual was limiting to only occasional stooping, it follows that to the extent the position requires the individual to stand more than occasionally, that individual will be off task.

Where Plaintiff's argument breaks down is his conclusion that the RFC assessment means that he "would need to stand as much as four hours per day," (Pl.'s Reply 21, ECF No. 21). The RFC contains no such requirement. That he can sit for at most thirty minutes at a time does not mean that he must then stand for thirty minutes before returning to sitting. Instead, as even Plaintiff's counsel acknowledged during the hearing testimony, Plaintiff could sit for thirty minutes, stand up briefly, and then return to sitting. (*See* ECF No. 10 at PAGEID# 106 ("Let's

change [the hypothetical to] where the individual would be sitting for the 30 minutes, but then they would need to stand, be in a standing position for approximately five to 10 minutes . . . .").)

All of the jobs identified by the VE are performed at the sedentary level of exertion. "Sedentary work" is defined as follows:

> The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. *Jobs are sedentary if walking and standing are required occasionally* and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

SSR 83–10, 1983 WL 31251, at *5 (emphasis added). Thus, the jobs the VE identified require only occasional standing, consistent with the RFC's requirement that Plaintiff only stoop/bend occasionally. Because the positions the VE identified do not require Plaintiff to stand more than he is permitted to bend/stoop, Plaintiff's contention that he would be off task more than nineteen percent of the day lacks support.

In sum, the undersigned finds that the ALJ did not err in relying upon the VE's testimony to conclude that Plaintiff could perform other work that exists in significant numbers in the national economy. It is therefore **RECOMMENDED** that Plaintiff's sole contention of error be **OVERRULED**.

## V. DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiffs' Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE